IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01440-CMA-KLM

LEE ROTHE, and
MARLENE ROTHE,

    Plaintiffs,

v.

BNC MORTGAGE,

    Defendant.

---

**ORDER VACATING PRELIMINARY INJUNCTION HEARING AND DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT AND AMENDED MOTION**

---

This matter is before the Court *sua sponte*.

On June 18, 2010, Plaintiffs Lee Rothe & Marlene Rothe filed a Petition for Temporary Restraining Order (Doc. # 3), seeking the Court's assistance to block a foreclosure action. Pursuant to that Motion, the Court set this matter for a hearing on Tuesday, July 6, 2010, at 4:00 p.m. (Doc. # 5.)

Upon further review, the Court finds that Plaintiffs have failed to allege sufficiently why injunctive relief is necessary at this juncture and whether a state foreclosure action is currently pending. As an example, the Court notes that Plaintiffs have alleged that "defendant has scheduled the above referenced [foreclosure] sale for Wednesday, June 9, 2010". (Doc. # 3 at 2). However, at the same time, Plaintiffs ask the Court to enter a preliminary injunction because "plaintiff [sic] **will** suffer immediate and irreparable injury,

loss, or damage if the order is not granted before defendant can be heard..." (*Id.*) (emphasis added). Plaintiffs filed the instant Motion on June 18, 2010, nine days <u>after</u> the supposed foreclosure sale. Further, the Court notes that Plaintiffs appear to have lifted the entirety of these pleadings from an entirely unrelated matter. As an example, Plaintiffs repeatedly refer to the opposing party as "Defendants," when, in fact, only one entity has been sued. As another example, Plaintiffs' papers are virtually identical in form and substance to the papers filed six days later by a different plaintiff in a matter also pending before this Court. *See* Case No. 10-cv-1448. Those papers also seek the identical relief from a foreclosure sale occurring on the identical day, Wednesday, June 9. (*See* Doc. # 2 at 2.) Accordingly, the Court is uncertain as to whether a state foreclosure action was even initiated, or whether these are preemptive filings.

Clarification of these issues will assist the Court in determining whether the requested relief is warranted and whether the Court has jurisdiction to grant injunctive relief. It is well-settled that a federal court should not interfere where:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006) (discussing the *Younger* doctrine of abstention identified in *Younger v. Harris*, 401 U.S. 37 (1971)). Based on Plaintiffs' pleadings and motion, the Court is unable to determine whether it must abstain from considering the merits of the requested relief.

Accordingly, IT IS ORDERED THAT:

(1)  The Preliminary Injunction Hearing set for Tuesday, July 6, 2010, at 4:00 p.m. is VACATED;

(2)  Plaintiffs shall file an amended complaint and an amended motion for a preliminary injunction **by no later than Monday, July 12**. The amended complaint and motion shall clarify whether a foreclosure action was commenced in state court, identify the case number and the presiding court, and state the status of that action. If a state court has ordered a foreclosure sale, Plaintiffs shall identify the date of the scheduled sale. Plaintiffs shall also identify what attempts he has made to contest or appeal any state court decisions pertaining to foreclosure, what defenses, if any, he asserted, and why the state court was an inadequate forum to hear the claims he now asserts. Plaintiffs shall serve a copy of the amended complaint and amended motion on Defendant; and

(3)  Plaintiffs shall serve Defendant BNC Mortgage a copy of the amended complaint and amended motion, as well as a copy of the instant Order, pursuant to the procedures for service of process set forth in Rule 4(h)(1) of the Federal Rules of Civil Procedure.

DATED: July  2 , 2010

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge